WR-63,871-03
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/26/2015 2:45:55 PM
Accepted 10/26/2015 3:06:42 PM
ABEL ACOSTA
CLERK

NO. C-2-010289-0764908-B

COURT OF CRIMINAL APPEALS
10/26/2015
ABEL ACOSTA, CLERK

| | | |
|---|---|---|
| EX PARTE | § | IN THE CRIMINAL DISTRICT |
| | § | |
| | § | COURT NO. 2 OF |
| | § | |
| TIMOTHY RANDAL THOMPSON | § | TARRANT COUNTY, TEXAS |

### STATE'S RESPONSE TO APPLICANT'S REPLY TO STATE'S RESPONSE TO APPLICANT'S SUPPLEMENTAL HABEAS CORPUS CLAIM

COMES NOW, the State of Texas, by and through the Criminal District Attorney of Tarrant County, Texas, and files this response to the applicant's reply to its response to his supplemental claim for habeas corpus relief.

I.

On September 24, 2015, the applicant filed a supplemental application for writ of habeas corpus alleging that his due process rights were violated because the crime scene investigator (Mr. Mark Ball) presented false testimony regarding whether he found bullet or bullet holes while searching the appellant's living room floor. See *Ex parte Thompson*, No. C-2-010289-0764908-B (supplemental application).

On October 15, 2015, the State filed its response explaining why Mr. Ball did not present false testimony and, alternatively, why any falsity in his

testimony was not material to the applicant's conviction and punishment. See *Ex parte Thompson*, No. C-2-010289-0764908-B (state's response to applicant's supplemental habeas corpus claim).

II

On October 20, 2015, the applicant filed a reply which essentially accuses counsel of prosecutorial misconduct for defending Mr. Ball's investigation and testimony; specifically, stating that:

> To act as if the experienced crime scene investigator was merely negligent or sloppy in conducting his investigation rather than recognizing he lied about the investigation elevates the desire to uphold a conviction over the prosecutor's duty to seek justice.

See *Ex parte Thompson*, No. C-2-010289-0764908-B (reply to state's response to applicant's supplemental habeas corpus claim, page 2). This statement, however, mischaracterizes Mr. Ball as an experienced crime scene investigator when the record shows that he had been a crime scene investigator for less than one month when he investigated this murder scene. See Trial Reporter's Record. IV:141, 143.[1]

---

1    Mr. Ball became a crime scene investigator on March 12, 2000. See Trial Reporter's Record IV:141. Mr. Ball investigated this murder scene on March 31, 2000. See Trial Reporter's Record IV:143.

## III.

The applicant further claims that Mr. Ball hid the bullets and bullet holes.    See _**Ex parte Thompson**_, No. C-2-010289-0764908-B (reply to state's response to applicant's supplemental habeas corpus claim, page 3).    There is nothing in the record to suggest that Mr. Ball intentionally concealed any evidence given that he readily admitted that he could have missed bullets or bullet holes while searching the floors.    See Trial Reporter's Record IV:187.

## IV.

The applicant's due process rights were not violated by Mr. Ball's testimony regarding his crime scene search for bullets and bullet holes.    Mr. Ball did not falsely testify before the jury regarding his crime scene investigation.    Alternatively, there is no reasonable likelihood that any falsity in Mr. Ball's testimony affected the applicant's conviction or sentencing.

WHEREFORE, PREMISES CONSIDERED, the State prays the Court find that the applicant's supplemental due process ground for habeas corpus relief should be denied.

Respectfully submitted,

SHAREN WILSON
Criminal District Attorney
Tarrant County, Texas

DEBRA WINDSOR, Chief
Post-Conviction Unit

/s/ Steven W. Conder
STEVEN W. CONDER, Assistant
Criminal District Attorney
401 W. Belknap
Fort Worth, Texas 76196-0201
(817) 884-1687
FAX (817) 884-1672
State Bar No. 04656510

## CERTIFICATE OF SERVICE

A true copy of the above response has been mailed and electronically transmitted to the applicant's counsel, the Hon. Robert Udashen (rnu@sualaw.com), 2311 Cedar Springs Road, Suite 250, Dallas, Texas 75201, on this, the 26th day of October, 2015.

/s/ Steven W. Conder
STEVEN W. CONDER

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. P. 73.1(e) because it has been prepared in a conventional typeface no smaller

than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 73.1(d) because it contains approximately 504 words, excluding any exempted parts, as computed by Word 2010, the computer program used to prepare the document.

/s/ Steven W. Conder
STEVEN W. CONDER

c18.thompson timothy randal.wr/supplemental/reply